{¶ 1} Defendant-appellant John Stubbs appeals from his conviction and sentence for Carrying a Concealed Weapon, Having a Weapon Under a Disability, and Tampering with Evidence. Stubbs contends that the trial court erred by permitting him to waive his right to counsel and to represent himself at trial without first determining whether he was doing so voluntarily, knowingly and intelligently. He further contends that the evidence does not support his conviction for Tampering with Evidence. Stubbs also claims that the trial court erred by improperly instructing the jury and by permitting jurors to pose questions to the witnesses.
 {¶ 2} We conclude that the trial court failed to comply with the requirements of State v. Martin, 103 Ohio St. 3d 385,2004-Ohio-5471, when it failed to advise Stubbs of the possible consequences of declining counsel and electing to represent himself. We further conclude that there is sufficient evidence in the record to support a conviction for Tampering with Evidence, and that the jury did not lose its way in deciding to convict on that charge. The claim that the trial court erred with regard to jury instructions and permitting jurors to propound questions are rendered moot.
 {¶ 3} The judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 I {¶ 4} On March 25, 2005, John Stubbs was arrested and charged with Carrying a Concealed Weapon, Having a Weapon Under a Disability, and Tampering with Evidence. At his arraignment, Stubbs stood silent and did not answer the trial court's inquiries. The trial court entered a not guilty plea and asked Stubbs whether he would retain counsel or seek appointed counsel. When Stubbs did not respond, the trial court informed him that he needed to fill out papers before counsel could be appointed.
 {¶ 5} On May 31, 2005, Stubbs filed a witnessed and notarized document in which he informed the court that he would be "acting in [his] own defense." He also filed, pro se, motions to dismiss and to suppress. A hearing was held on the motions, at which time the trial court again advised Stubbs to obtain counsel and informed him that he could seek to have counsel appointed. Stubbs declined and stated that he wanted to proceed without counsel.
 {¶ 6} The case proceeded to trial. At the start of trial, the court once more asked Stubbs if he wanted counsel, to which Stubbs made the following reply: "No, sir. I would not be acting as my own defense neither. No, I'm not going to defend myself nor am I going to take and hire counsel." The trial court then informed Stubbs that attorney Joseph Coates would be acting as standby counsel for Stubbs during the course of trial.
 {¶ 7} Following trial, the jury found Stubbs guilty as charged and the trial court sentenced him accordingly. From his conviction and sentence, Stubbs appeals.
 II {¶ 8} The First Assignment of Error states as follows:
 {¶ 9} "THE TRIAL COURT ERRED IN FAILING TO ADEQUATELY ADVISE APPELLANT OF THE DANGERS OF SELF-REPRESENTATION AND FAILING TO MAKE A SUFFICIENT INQUIRY ON THE RECORD TO DEMONSTRATE THAT APPELLANT MADE AN INTELLIGENT, VOLUNTARY, AND KNOWING WAIVER OF HIS RIGHT TO ASSISTANCE OF COUNSEL UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION."
 {¶ 10} Stubbs contends that the trial court failed to properly advise him with regard to his right to counsel, and therefore he did not knowingly, voluntarily and intelligently waive his right to counsel.
 {¶ 11} Crim.R. 44(C) provides: "Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing."
 {¶ 12} A serious offense is defined as any felony or misdemeanor "for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C).
 {¶ 13} "[W]hen a criminal defendant elects to proceed pro se, the trial court must demonstrate substantial compliance with Crim.R. 44(A) by making a sufficient inquiry to determine whether the defendant fully understood and intelligently relinquished his or her right to counsel." State v. Martin, 103 Ohio St. 3d 385,2004-Ohio-5471, ¶ 39.
 {¶ 14} A valid waiver "must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." Id. at ¶ 40, citations omitted.
 {¶ 15} In this case, the trial court did ask, at every stage of the proceedings, whether Stubbs would obtain counsel or seek appointed counsel. The trial court also informed Stubbs that he would need to fill out forms in order to have counsel appointed. The trial court even, on two occasions, told Stubbs that his interests would be best served by having counsel. However, there is nothing in the record to indicate that the trial court made any effort to determine whether Stubbs understood the nature of the charges, the penalties or the possible defenses. In short, the trial court failed to make any of the determinations deemed essential by the Supreme Court in Martin, supra.
 {¶ 16} The charges against Stubbs were serious, as evidenced by the fact that he was sentenced to a two-year prison term. Thus, the trial court had an obligation to determine whether Stubbs had a sufficient understanding of the possible consequences of declining counsel. We conclude that the trial court erred by failing to substantially comply with the requirements of Crim.R. 44. The First Assignment of Error is sustained.
 III {¶ 17} The Second Assignment of Error provides as follows:
 {¶ 18} "APPELLANT'S CONVICTION FOR TAMPERING WITH EVIDENCE IS AGAINST THE MANIFEST WEIGHT AND/OR SUFFICIENCY OF THE EVIDENCE."
 {¶ 19} Stubbs contends that the conviction for Tampering with Evidence must be reversed because it is not supported by the evidence.
 {¶ 20} When reviewing the sufficiency of evidence, the relevant inquiry is whether any rational finder of fact, viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Dennis, 79 Ohio St.3d 421, 430, 1997-Ohio-372, 683 N.E.2d 1096. A guilty verdict will not be disturbed on appeal unless "reasonable minds could not reach the conclusion reached by the trier-of-fact." Id.
 {¶ 21} When a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact sees and hears the witnesses and is particularly competent to decide "whether, and to what extent, to credit the testimony of particular witnesses," we must afford substantial deference to its determinations of credibility. State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288. A judgment should be reversed as being against the manifest weight of the evidence only in exceptional circumstances. Martin, 20 Ohio App.3d at 175.
 {¶ 22} With these standards in mind, we now turn to Stubbs's claim that his conviction for Tampering with Evidence cannot stand. R.C. 2929.12 provides in pertinent part as follows:
 {¶ 23} "(A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
 {¶ 24} "(1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation[.]"
 {¶ 25} Pursuant to R.C. 2901.22:
 {¶ 26} "(A) A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature.
 {¶ 27} "(B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 28} The evidence relevant to this argument is gleaned from the trial testimony of the arresting officer, Sergeant Paul Hicks. Hicks testified that he was dispatched to respond to a call regarding a man shooting at a vehicle. When he arrived on the scene, Hicks encountered a man, later identified as Stubbs. Hicks testified that he exited his patrol car and ordered Stubbs to stop and show both of his hands. According to Hicks, Stubbs "only put up his left hand and kept his right hand concealed," as he ignored the order and continued to walk away from Hicks. At that point, Hicks pulled his gun and again ordered Stubbs to stop and to reveal both hands. Again, Stubbs ignored the order and continued to walk away. Stubbs continued to keep his right hand concealed from the officer as he was walking away. When Stubbs was approximately twenty to thirty feet away from him and nearing the back of a building, Hicks gave another warning and order to stop. At that point, Hicks observed Stubbs throw a handgun into some grass. Given this testimony, it is clear that Stubbs was aware that he was being stopped by the police. The testimony also permits a trier of fact to conclude that Stubbs was deliberately concealing the gun in his right hand until he could get to an area where he could dispose of it. The evidence demonstrates that Stubbs was twenty to thirty feet away from Hicks when he threw the gun into a grassy area. We conclude that a jury could reasonably conclude that these actions demonstrate the intent to conceal the gun from the officer.
 {¶ 29} We conclude that there was sufficient evidence to support a conviction for Tampering with Evidence, and that the jury did not clearly lose its way in convicting Stubbs of this offense. Therefore, the Second Assignment of Error is overruled.
 IV {¶ 30} The Third and Fourth assignments of error are as follows:
 {¶ 31} "APPELLANT WAS DENIED DUE PROCESS AND A FAIR TRIAL DUE TO THE TRIAL COURT'S FAILURE TO PROVIDE THE JURY WITH ADEQUATE JURY INSTRUCTIONS.
 {¶ 32} "APPELLANT WAS PREJUDICED WHEN THE TRIAL COURT PERMITTED JURORS TO POSE QUESTIONS TO THE WITNESSES."
 {¶ 33} Stubbs contends that the trial court erred with regard to instructing the jury and by permitting jurors to propound questions for the witnesses. We conclude that these assignments of error are rendered moot by our disposition of Stubbs's First Assignment of Error. Therefore, the Third and Fourth assignments of error are overruled.
 V {¶ 34} Stubbs' First Assignment of Error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
Brogan and Donovan, JJ., concur.